**No. 57012.**—Engis Equipment Co. and Alltransport, Inc. *v.* United States, protest 165283–K (New York).

OLIVER, Chief Judge: This case concerns a shipment described on the invoice as "1 Alignment Telescope with Mountings, Parts & Accessories," which the collector classified under paragraph 228 (a) of the Tariff Act of 1930 which, so far as pertinent, reads as follows:

* * * optical measuring or optical testing instruments * * * frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, 60 per centum ad valorem.

In the original protest, plaintiffs claimed that "said merchandise is properly dutiable at 25% under Par. 228 (b) and T. D. 51802." At the time of trial, however, counsel for plaintiffs stated that "in order to simplify the issues we desire to limit this case to the telescopes themselves and we claim that they are properly dutiable at 25% under Paragraph 228 (b), as modified by Trade Agree-

ment, namely, T. D. 51802, as telescopes, finished or unfinished, not specially provided for, valued at more than $2.00 each." Continuing with his opening statement, counsel for plaintiffs stated further (R. 5):

* * * we propose to show what is the use of the telescope itself and what the telescope is, and do not propose to establish necessarily what is the use of the various parts and accessories because we make no claim in this case as to the parts and accessories. In other words, we don't want to get into the question as to whether they are parts or accessories. We think there may be some doubt as to whether they are integral necessary parts of the telescope and since we would like to present the clear-cut issue to the Court as to whether this is in fact a telescope for tariff purposes we don't want to complicate it by bringing in other things, the accessories, etc.

Consistent with the foregoing statement, plaintiffs confined their entire proof to one of the articles included within the shipment under consideration. An officer of the importing corporation, the sole witness in the case, testified that the instrument in question, to which his whole line of testimony was directed, is used in the manufacture of airplanes; that its particular purpose is to permit alignment of a series of fittings essential in the construction of aircraft fixtures; and that it is never used by itself.

It should be noted that paragraph 228 (b) of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, invoked by plaintiffs, contains an *eo nomine* designation for "Telescopes valued at more than $2 each," and also provides for "frames and mountings therefor, and parts of such frames or mountings; all the foregoing, finished or unfinished, not specially provided for * * *."

To sustain plaintiffs' contention as it is now presented before us, and hold the instrument, *per se*, to be classifiable under paragraph 228 (b), as modified, *supra*, without any proof—and the record contains none—from which to determine the tariff status of all of the other items imported in the same shipment, would have the effect of classifying the present importation, an entirety, under two separate categories carrying two different rates of duty. Such a result would create an anomalous situation that could not be reconciled with an intent of Congress.

The rule is well established that the collector's classification carries with it the presumption that the classifying officer found all the necessary facts to exist which brought the goods within the classification adopted by him. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309.

On the basis of the present record, plaintiffs have failed to overcome the presumption of correctness attaching to the collector's classification of the merchandise under paragraph 228 (a), *supra*. The protest is, therefore, overruled and judgment will be rendered accordingly.